### ROSEN v. WERLE.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. COSTS ⬅➡232—MUNICIPAL ·COURT—DISMISSAL OF APPEAL.

   Where defendant, who had appealed from a default judgment against him in the Municipal Court, thereafter complied with the condition required by that court and had .the judgment vacated, and his appeal was dismissed, plaintiff did not thereby become entitled to the costs deposited by defendant on taking the appeal, as required by Municipal Court Act (Laws 1902, c. 580) § 311.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 877–883; Dec. Dig. ⬅➡232.]

2. COURTS ⬅➡190 — MUNICIPAL COURTS — APPEALABLE ORDER — COSTS DEPOSITED ON FORMER APPEAL.

   An order of the Municipal Court, directing payment to plaintiff of costs deposited by defendant on appeal from a default judgment which was thereafter vacated, is not appealable.

   [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬅➡190; Appeal and Error, Cent. Dig. § 103.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Samuel Rosen against John Werle, doing business under the firm name and style of the Century Storage Warehouse. From an order directing the clerk of the Municipal Court to pay to plaintiff's attorney the costs deposited by defendant on an appeal from a judgment subsequently vacated, defendant appeals. Appeal dismissed.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Abraham Harris, of New York City, for appellant.

Harry Rittenberg, of New York City, for respondent.

COHALAN, J. Judgment was taken against the defendant herein by default. He moved to open the default, and an order was made granting the motion, upon condition that he give an undertaking to secure the amount of the judgment, or deposit the amount in court. The defendant failed within the time allowed to comply with these terms, and instead appealed from the judgment and the order entered thereon. Upon the appeal he deposited the costs with the clerk of the court as required by section 311 of the Municipal Court Act. The defendant later moved to be allowed to comply with the terms of the order opening the default. This motion was granted, and he thereupon filed a bond, and his default was opened. The plaintiff then moved in this court to dismiss the appeal, and, there being no objection·

by the defendant, the appeal was dismissed without costs. The plaintiff thereupon made a motion in the lower court for an order directing the clerk to pay to him the costs deposited by the defendant upon taking the appeal from the judgment. This motion was granted, and from the order entered thereon this appeal has been taken.

[1] The court below had no authority to make such an order. When the defendant complied with the terms of the order, his default was opened, and the judgment was vacated. There no longer existed any reason for the appeal, and it was properly dismissed. These proceedings left the matter as though no judgment had ever been entered, or an appeal taken therefrom, and any costs deposited by the defendant under the circumstances belonged to him, and not to the plaintiff, or his attorney. Money deposited under section 311 is not only one of the requisites to perfect an appeal, but is for the purpose of reimbursing the plaintiff for the costs and disbursements, provided the judgment appealed from is affirmed, or the case on appeal is dismissed. The plaintiff does not become entitled to the costs when the judgment is vacated, and it is upon the judgment alone that the right to costs is predicated.

[2] The order herein, however, is not an appealable order; but, should the trial of the action result in a judgment for the plaintiff, the costs improperly obtained by him should be credited thereon.

Appeal dismissed, without costs. All concur.